## Case No. 1,356.

### BERRY v. FLETCHER et al.

[1 Dill. 66.] [2]

Circuit Court, D. Missouri. 1870.

WITNESS — EVIDENCE — COMPETENCY OF PARTY— WHEN COMPELLABLE TO TESTIFY—STATE LAW.

Where by the laws of a state parties are both competent and compellable to testify, the same rule, under the legislation of congress, applies to civil actions in the federal courts sitting therein; and one of the parties may in such an action be compelled to testify at the instance of the adverse party.

Mr. Glover, for plaintiff.

Mr. Noble, for defendants.

Before DILLON, Circuit Judge, and TREAT and KREKEL, District Judges.

PER CURIAM. Trespass for injuries to the person and property of the plaintiff. The plaintiff's counsel called, and asked to have

---

[1] [Reported by Hon. William Cranch, Chief Judge.]

[2] [Reported by Hon. John F. Dillon, Circuit Judge, and here reprinted by permission.]

sworn, as a witness, one of the defendants; to which the defendants' counsel objected on the ground that one party could not compel an adverse party to testify. It was conceded by counsel that under the laws of the state of Missouri parties were both competent and compellable to testify in actions like the present. The court, held, referring to the judiciary act [of September 24, 1789, (1 Stat. 92,)] § 34, the act of July 6, 1862, (12 Stat. 588, § 1,) and the act of July 2, 1864, (13 Stat. 533, § 3,) and of March 3, 1865, (13 Stat. 533,) that the objection was not well taken, and the defendant was sworn as a witness at the plaintiff's instance. See Rison v. Cribbs, [Case No. 11,860.]

NOTE, [from original report.] In Tenny v. Collins, [Case No. 13,833,] it was held by the U. S. district court, eastern district of Missouri, that upon a motion to set aside the discharge granted to a bankrupt, the wife of the bankrupt cannot be required to testify as a witness against her husband. Respecting the point, Treat, District Judge, remarks: "The plaintiffs also summoned the wife of the bankrupt, who was sworn as a witness, and were proceeding to examine her in relation to the conveyance, in 1866, of land held in her name by herself and husband, to her father in payment of other debts, and as a security for debts upon which he was jointly liable with the bankrupt. Objections were interposed, that while the bankrupt act provided for the examination of the wife of the bankrupt before the register for the purpose of ascertaining the condition of his estate, it did not alter the common rule, that the wife could not be a witness for or against the husband, in a motion to set aside the discharge. The objection was sustained by the court.